UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZACHARY A. HOLMAN #473131, )
    Plaintiff, )
 ) No. 2:23-cv-56
v. )
 ) Honorable Paul L. Maloney
MICHAEL J. BALLARD AND )
JESSICA VELMER, )
    Defendant. )
_____ )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff brought this action under 28 U.S.C. § 1983. (ECF No. 15). Plaintiff alleges that while he was incarcerated, dental staff acted with deliberate indifference to his serious health needs. Defendant filed a motion for summary judgment. Magistrate Judge Vermaat issued a report and recommendation ("R&R"). (ECF No. 130). Plaintiff filed an objection. (ECF No. 142). The court will adopt the report and recommendation over Plaintiff's objections. The court will adopt the facts as recited in the R&R.

### I.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (unpublished order). General objections and reassertions of the same arguments already addressed by the magistrate do not focus the district court's attention on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrates Act. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

## II.

The report and recommendation concludes that there were no genuine issues of material fact relating to Plaintiff's failure to exhaust his administrative remedies against Defendant Ballard. Plaintiff raises several objections.

First, Plaintiff argues that this court should find that Defendants failed to plead their affirmative defense relating to exhaustion, and thus, waived the defense. It is a general rule that the failure to plead an affirmative defense results in a waiver of that defense. *Old Line Life Ins. Co. of America v. Garcia*, 418 F.3d 546, 550 (6th Cir. 2005). But not always, so long as the plaintiff was not prejudiced. *See Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (failing to raise an affirmative defense until the second motion for summary judgment

2

did not result in a waiver of defense or prejudice). Courts have found a lack of prejudice where a plaintiff had an opportunity to respond and did so. *Storm v. Bureau of Prisons*, No. 4:08CV 1690, 2010 WL 4628666, at *7 (N.D. Ohio Oct. 14, 2010), *report and recommendation adopted*, No. 4:08 CV 1690, 2010 WL 4628657 (N.D. Ohio Nov. 5, 2010).

Plaintiff says he faces prejudice because ruling on the exhaustion requirement now, as opposed to earlier, would not permit Plaintiff to voluntarily dismiss the case, properly grieve, and then refile this action. Plaintiff also avers he has devoted a substantial amount of resources to his case. Plaintiff also says he tailored his discovery around there being two defendants in this case. Apparently, Plaintiff did not retain an expert witness because he intended to call Defendant Ballard as a witness for his "medical knowledge." (ECF No. 142 at PageID.891). Here, Plaintiff had an opportunity to respond and did so, which indicates a strong lack of prejudice. Whether brought now or months ago, the result would be the same. Defendant relies on speculation to argue that he could have timely refiled his suit. But Plaintiff was on notice about potential failure to exhaust affirmative defenses at least in part because the other Defendant in this matter did plead failure to exhaust on March 14, 2024. (ECF No. 49 at PageID.260). Finally, Plaintiff cannot assert prejudice because he expected Defendant Ballard to be his expert witness at trial. The court finds a lack of prejudice, will reject Plaintiff's waiver argument, and overrule his first objection.

Second, Plaintiff argues that Defendant's failure to exhaust defense is barred because prison officials decided Plaintiff's grievance on the merits despite Plaintiff's failure to name names on the grievance. Plaintiff's argument is misplaced. As discussed in the R&R, Plaintiff

3

never grieved any conduct regarding his allegations against Dr. Ballard for failing to provide him with dental treatment. (ECF No. 130 at PageID.829-30). In other words, there was no relevant grievance for prison officials to decide on the merits.

Third, Plaintiff argues that because he named "Dental" in his December 2, 2022 grievance, he sufficiently grieved everyone in the "dental department." (ECF No. 142 at PageID.893). But this does not help Plaintiff because he did not see Defendant Ballard until December 20, 2022, which was several weeks after the previously mentioned scheduling grievance.

Fourth, Plaintiff argues that his December 2, 2022 grievance is not just limited to scheduling, and he asserts that it is broad enough to include Defendant Ballard's role in denying him care. This court disagrees. As explained in the R&R, Plaintiff's December 2, 2022 grievance says "I've been on the list for the dentist for appx. 9 months. I've expressed the fact that I am in pain, yet remain unseen." (ECF No. 30-4 at PageID.168). The December 2, 2022 grievance, which was still 18 days before Plaintiff had his appointment with Defendant Ballard, does not mention Ballard by name or mention anything beyond the scheduling delay.

## III.

This court has conducted a review of this matter. Having read the file, including the report, recommendations and relevant authority, the court adopts the report and recommendation over the objections.

5

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 130) is **ADOPTED** by the court.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 142) is **DENIED**.

**IT IS SO ORDERED.**

Date:  January 10, 2025               /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      United States District Judge