UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ZACHARY A. HOLMAN #473131, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JESSICA VELMER, ) <br> Defendant. ) <br> ) | No. 2:23-cv-56 <br><br> Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff brought this action under 28 U.S.C. § 1983. (ECF No. 15). Plaintiff alleges that while he was incarcerated, dental staff acted with deliberate indifference to his serious health needs. Defendant filed a motion for summary judgment. (ECF No. 147). Magistrate Judge Vermaat issued a report and recommendation ("R&R"). (ECF No. 191). Plaintiff filed an objection. (ECF No. 193). The court will adopt the report and recommendation over Plaintiff's objections. The court will adopt the facts as recited in the R&R.

The R&R also resolved several pending motions. (ECF Nos. 132, 159, 164, 181). In all, the R&R recommended denying Plaintiff's motion for a preliminary injunction, granting Defendant's motion for summary judgment, denying Plaintiff's objection, denying Plaintiff's motion to amend his complaint, and striking Plaintiff's unauthorized sur-reply. (ECF No. 191 at PageID.1358).

I.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and

1

recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (unpublished order). General objections and reassertions of the same arguments already addressed by the magistrate do not focus the district court's attention on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrates Act. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

## II.

Plaintiff first objects to one of the R&R's factual findings, specifically that the last of his cavities were addressed as recently as August of 2023. *Compare* (ECF No. 191 at PageID.1344) *with* (ECF No. 193 at PageID.1364). He maintains that only extractions were performed in 2023, and some of his cavities remain. Ultimately, this issue is immaterial

because even though the R&R assumed he had his cavities fixed earlier than Plaintiff now states, the R&R nevertheless determined that Plaintiff was able to create a question of fact regarding the objective component of his deliberate indifference claim. (ECF No. 191 at PageID.1344). Plaintiff's objection is rejected.

Second, Plaintiff objects the R&R's finding that there was no genuine issue of material fact related to the subjective component of his deliberate indifference claim. (ECF No. 193 at PageID.1365-66). The R&R concluded that Velmer—working as a Dental Aid 8—lacked the authority or ability to treat his condition or order treatment. (ECF No. 191 at PageID.1344). The R&R then cited a litany of cases finding that dental prison aids were not responsible for dental problems and were not the cause of delay in treatment. (*Id.* at PageID.1345). The evidence in the record establishes that Defendant Velmer put Plaintiff on a waitlist for dental care, and that Velmer was not responsible for the subsequent delays. Velmer did not make dental care decisions and lacked the authority to expedite Plaintiff's care. Plaintiff's attempt to distinguish his case from *Vance v. Prison Health Services*, No. 2:10-cv-217, 2011 WL 4346507 (W.D. Mich. Sept. 15, 2011) falls short: In both circumstances the dental aid put the individual on a waitlist after learning of the individual's needs. Plaintiff's objection is rejected.

Third, Plaintiff objects to the R&R's qualified immunity analysis for the same reasons he protests the R&R's deliberate indifference claim analysis. The court will reject Plaintiff's objection for the same reasons as outlined above.

Fourth, Plaintiff argues the R&R's denial of his motion for a preliminary injunction was erroneous because it found that Plaintiff failed to show a likelihood of success on the

merits. Plaintiff does not attempt to explain how that conclusion was erroneous or explain how he has a likelihood of success on the merits regarding his deliberate indifference claim. And to the extent Plaintiff does discuss the merits of his claim, he raises the same faulty objections as discussed above.

Finally, Plaintiff raises nominal objections to the R&R's discussion of Plaintiff's discovery objection and his motion to amend his complaint. (ECF No. 193 at PageID.1369-70). Plaintiff failed to address the reality that he could have amended his deposition testimony with an affidavit, as explained in the R&R. (ECF No. 191 at PageID.1355). The record shows that Plaintiff had several opportunities to amend his deposition or object to it, and he did not. Additionally, Plaintiff's objection to Exhibit M—a Civil Service Job Specification Sheet—fails. The R&R did not err by concluding that it was non hearsay because it was "a record . . . kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit." Fed. R. Evid. 803(6)(B). Plaintiff otherwise fails to show a lack of trustworthiness in Exhibit M. Fed. R. Evid. 803(6)(E). Plaintiff does not properly develop his objection to the R&R's determination that an amended complaint would be futile.

### III.

This court has conducted a review of this matter. Having read the file, including the report, recommendations, and relevant authority, the court adopts the report and recommendation over the objections.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 191) is **ADOPTED** by the court. This case is dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (ECF No. 132) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 147) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 159) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (ECF No. 164) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 193) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's unauthorized sur-reply (ECF No. 181) and proposed amended complaint (ECF No. 198) are **STRICKEN** from the record.

Judgment to follow.

**IT IS SO ORDERED.**

Date:  March 7, 2025                          /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge